## Low v. Barnes.

1. **Original Notice:** RETURN OF SERVICE: SUFFICIENCY OF. The person who served the original notice made a return duly sworn to, as follows: "A. B. S., being first duly sworn, says: I received *this* notice for service, Feb. 16, 1882, and on the 16th day of Feb., 1882, I served *the above notice* on the above named T. H. B., by offering to read the same to him, He waived the reading and giving him a true copy of the same at Waukon, Allamakee county, Iowa." *Held*, that the proof of service was clearly sufficient.

2. **Practice in Supreme Court:** EVIDENCE CONFLICTING: JUDGMENT AFFIRMED. Where the evidence as to the truthfulness of a return, is conflicting, the finding of the court in regard thereto will not be disturbed on appeal.

*Appeal from Allamakee Circuit Court.*

TUESDAY, DECEMBER 12.

THIS is an action upon a promissory note. The defendant failed to appear, and judgment was rendered against him by default. He afterwards appeared and moved to set aside the judgment and default. This motion was overruled, and defendant appeals.

*M. B. Hendrick*, for appellant.

*H. H. Stilwell*, for appellee.

ROTHROCK, J.—The ground of the motion to set aside the default and vacate the judgment was, that the defendant had not been served with an original notice of the action.

The notice was in proper form, and the return or proof of service which was made thereon was as follows:

"STATE OF IOWA, } ss.
    ALLAMAKEE COUNTY. }

"A. B. Stilwell being first sworn, says: I received *this notice* for service February 16, 1882, and on the 16th day of February, 1882, I served *the above notice* on the above named T. H. Barnes by offering to read the same to him. He waived the reading and giving him a true copy of the same at Waukon, Allamakee county, Iowa, together with a true copy of the petition in said cause.

FEES:
Service..........50
Copy . ..... ..20
Mileage  ..... .10
Copy petition....20

Total...... $1.00

A. B. STILWELL.

"Subscribed and sworn to before me this

[SEAL.]        18th day of Feb., 1882.

H. H. STILWELL,

Notary Public."

This proof of service was clearly sufficient.

In support of the motion the defendant filed his own affidavit, in which he denied that the notice had been read to him, or any offer to read the same to him had been made by any person, and that he did not waive the reading, and the only notice he had of the pending of the action was that said H. B. Stilwell, on the 16th day of February, 1882, handed him copies of the notice and petition, and did not offer to read the notice. The defendant's attorney also filed his affidavit in which he states that, on the day before the judgment was rendered, A. B. Stilwell stated to him that he served the notice by handing it to him (defendant), and saying, "do you want to hear it read to you?" and that the copy was all the paper he had with him.

We are not prepared to say, notwithstanding these affidavits, that the court was not warranted in finding that the notice had been served as stated in the return of service. The affidavit of the attorney is to the effect that Stillwell admitted to him that the only paper he had with him at the time of service was the copy of the original notice. This must be a mistake, because the defendant admits that a copy of the notice and a copy of the petition were given to him. We are not required to try the question anew, and as there is a conflict in the evidence, the finding of the court must stand.

We have made this disposition of the case upon its merits, without determining the question whether a sworn return of service of an original notice can be impeached. It is not necessary to determine that question, nor a question of practice, both of which are discussed by counsel.

AFFIRMED.